UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RADALES, ) | 1:12-cv-00624-SKO-HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR |
| ) | WRIT OF HABEAS CORPUS BROUGHT |
| ) | PURSUANT TO 28 U.S.C. § 2241 |
| v. ) | (Doc. 1) |
| ) | |
| UNITED STATES OF AMERICA, ) | ORDER DECLINING TO ISSUE A |
| ) | CERTIFICATE OF APPEALABILITY AND |
| Respondent. ) | DIRECTING THE CLERK TO CLOSE THE |
| ) | CASE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis in a habeas corpus action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by on May 3, 2012 (doc. 5). Pending before the Court is the petition, which was filed on April 19, 2012.

I. <u>Screening the Petition</u>

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

1  proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule
2  1(b).  Habeas Rule 4 requires the Court to make a preliminary
3  review of each petition for writ of habeas corpus.  The Court
4  must summarily dismiss a petition "[i]f it plainly appears from
5  the petition and any attached exhibits that the petitioner is not
6  entitled to relief in the district court...."  Habeas Rule 4;
7  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
8  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

9      Habeas Rule 2(c) requires that a petition 1) specify all
10 grounds of relief available to the Petitioner; 2) state the facts
11 supporting each ground; and 3) state the relief requested.
12 Notice pleading is not sufficient; the petition must state facts
13 that point to a real possibility of constitutional error.  Rule
14 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
15 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
16 n.7 (1977)).  Allegations in a petition that are vague,
17 conclusory, or palpably incredible are subject to summary
18 dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

19     The Court may dismiss a petition for writ of habeas corpus
20 either on its own motion under Habeas Rule 4, pursuant to the
21 respondent's motion to dismiss, or after an answer to the
22 petition has been filed.  Advisory Committee Notes to Habeas Rule
23 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
24 (9th Cir. 2001).

25     Here, Petitioner is an inmate of the United States
26 Penitentiary at Atwater, California (USPA) who challenges his
27 sentence of 120 months imposed in the United States District
28 Court for North Carolina for being a felon in possession of a

2

firearm in violation or 18 U.S.C. § 922(g).  (Pet. 1-2.) Petitioner alleges that his Sixth Amendment rights were violated by the ineffectiveness of his trial counsel, who allegedly failed to investigate Petitioner's background adequately, gave inadequate advice concerning the possible sentence in connection with the entry of Petitioner's guilty plea, and failed to move to reduce Petitioner's sentence.  (Pet. 4-10.)

II.  Analysis

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at 897;  Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

///

1  A federal prisoner authorized to seek relief under § 2255
2 may seek relief under § 2241 only if he can show that the remedy
3 available under § 2255 is "inadequate or ineffective to test the
4 legality of his detention." United States v. Pirro, 104 F.3d
5 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is
6 little guidance from any court on when § 2255 is an inadequate or
7 ineffective remedy, in the Ninth Circuit it is recognized that
8 the exception is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055
9 (9th Cir. 1999) (dismissal of a successive motion pursuant to
10 § 2255 did not render such motion procedure an ineffective or
11 inadequate remedy so as to authorize a federal prisoner to seek
12 habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a
13 prior § 2255 motion is insufficient to render § 2255 inadequate);
14 Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (petitioner's fears
15 of bias or unequal treatment do not render a § 2255 petition
16 inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077
17 (9th Cir. 2001) (procedural requirements of § 2255 may not be
18 circumvented by filing a petition for writ of audita querela
19 pursuant to the All Writs Act, 28 U.S.C. § 1651).
20  The burden is on the petitioner to show that the remedy is
21 inadequate or ineffective.  Redfield v. United States, 315 F.2d
22 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to
23 § 2241 fails to meet his burden to demonstrate that the § 2255
24 remedy is inadequate or ineffective, the § 2241 petition will be
25 dismissed for lack of jurisdiction.  Ivy v. Pontesso, 328 F.3d
26 1057, 1061 (9th Cir. 2003).
27  Here, Petitioner challenges his plea and sentence based on
28 alleged ineffective assistance of counsel.  Because Petitioner

4

alleges errors in his conviction and sentence, and not errors in the administration of his sentence, he is not entitled to relief under § 2241.  Additionally, although Petitioner states generally that his remedy by way of section 2255 is deemed to be inadequate or ineffective (pet. 3), he fails to specify the basis for any inadequacy or to allege any facts in support of his generalized assertion that § 2255 is inadequate or ineffective.

Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1]

The Court concludes that the petition must be dismissed for lack of jurisdiction.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under § 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998).  Appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

It appears from the face of Petitioner's § 2241 petition that Petitioner is raising claims attacking the legality of his conviction and sentence, and not the execution of his sentence.

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where the petitioner was originally sentenced*.  In this case, Petitioner challenges convictions and sentences adjudicated in the United States District Court for the District of North Carolina.  (Pet. 2.)

5

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing

of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated: May 14, 2012**         /s/ Sheila K. Oberto
                               UNITED STATES MAGISTRATE JUDGE